```
 1                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEBRASKA
 2

 3   UNITED STATES OF AMERICA,      )
                                    )           8:21CR193
 4              Plaintiff,          )
                                    )
 5   vs.                            )
                                    )
 6   JAMAL D. HOLDMAN,              )
                                    )           November 29, 2022
 7              Defendant.          )

 8

 9

              TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS
10          BEFORE THE HONORABLE MICHAEL D. NELSON
                UNITED STATES MAGISTRATE JUDGE
11

12                     A-P-P-E-A-R-A-N-C-E-S

13   FOR THE PLAINTIFF:         Mr. Christopher L. Ferretti
                                U.S. Attorney's Office
14                              1620 Dodge Street
                                Suite 1400
15                              Omaha, NE 68102-1506

16
     FOR THE DEFENDANT:         Mr. Michael J. Hansen
17                              Federal Public Defender's Office
                                222 South 15th Street
18                              Suite 300N
                                Omaha, NE 68102
19

20   TRANSCRIBER:               Ms. Lisa Grimminger, RDR, CRR, CRC
                                100 Centennial Mall North
21                              Room 587
                                Lincoln, NE 68508
22                              (402) 437-1908

23

24   Proceedings recorded by electronic sound recording, transcript
     produced with computer.
25
```

1          (At 10:51 a.m. on November 29, 2022, with counsel for the

2    parties and the defendant present via videoconference, the

3    following proceedings were had:)

4          THE COURT:  Good morning.  We are on the record in

5    the matter of United States of America versus Jamal D. Holdman.

6    The case number is 8:21CR193.

7       Counsel for the government, please enter your appearance.

8          MR. FERRETTI:  Good morning, Your Honor.  Christopher

9    Ferretti appearing on behalf of the United States.

10         THE COURT:  On behalf of the defendant.

11         MR. HANSEN:  Michael Hansen for Mr. Holdman, Your

12    Honor.

13         THE COURT:  We are proceeding by videoconference

14    today pursuant to the Federal Rules of Criminal Procedure, the

15    Coronavirus Aid, Relief, and Economic Security Act, our general

16    order at 2020-07 and subsequent general orders extending the

17    time frame, and the order entered in this case at filing

18    number 63.

19       Mr. Hansen, you have consulted with the defendant with

20    regard to proceeding by videoconference today?

21         MR. HANSEN:  Yes, Your Honor.

22         THE COURT:  And Mr. Holdman, do you consent to

23    proceed by videoconference?

24         THE DEFENDANT:  Yes.

25         THE COURT:  I --

```
1              THE DEFENDANT:  [Unintelligible]

2              THE COURT:  -- find that the defendant's consent is

3    both knowingly and voluntarily made.

4         Sir, you have submitted a petition requesting leave to

5    withdraw your previous not guilty plea and to enter a guilty

6    plea to the charges set forth in Counts 1 and 7 of the

7    indictment.  Before we proceed, I must determine whether you

8    consent to proceed before me as a magistrate judge.  You do

9    have a right to a change of plea hearing before a district

10   judge.  Do you understand that right?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Again, in the alternative you may consent

13   to proceed before me as a magistrate judge.  If you do consent,

14   at the end of the hearing, I will enter written findings as to

15   what occurred.  I will either recommend that your guilty plea

16   be accepted or not accepted.  Do you understand?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Do you consent to proceed before me as

19   magistrate judge?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  And is it true that you wish to enter a

22   guilty plea today?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  I will be asking you some questions about

25   your change of plea and the facts related to these charges.
```

1    Before I can do that, I'm going to need to place you under

2    oath.  Would you please stand up and raise your right hand.

3         (Defendant sworn.)

4              THE COURT:  You may be seated.

5         Sir, do you understand that you're now under oath at this

6    hearing?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Do you understand that your answers must

9    be truthful?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Do you understand that these answers

12   could be used against you if you're later charged with perjury

13   or making a false statement?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  There are two purposes for this hearing.

16        First, we must be sure that you understand the

17   consequences of a guilty plea, that is, what may happen to you

18   as a result of your pleading guilty to these charges.

19        Second, your guilty plea m- -- plea -- second, your guilty

20   plea must be done freely, voluntarily, and without any threat

21   or force.  Do you understand?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  If you do not understand any questions or

24   words spoken today, please ask me or your attorney to explain

25   them.  You may consult with your attorney at any time during

1    this hearing.  If necessary we will recess the hearing to give

2    you enough time to speak privately with him.  Do you

3    understand?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  What is your full name?

6              THE DEFENDANT:  Jamal D. Holdman.

7              THE COURT:  Are you, in fact, the defendant named in

8    the indictment?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  How old are you?

11             THE DEFENDANT:  Twenty-six.

12             THE COURT:  Where were you born?

13             THE DEFENDANT:  Inglewood, California.

14             THE COURT:  Where in California?

15             THE DEFENDANT:  Inglewood, California.

16             THE COURT:  Inglewood, California.  What's the

17   highest --

18             THE DEFENDANT:  [Unintelligible]

19        [Overlapping speakers]

20             THE COURT:  -- level of education that you've

21   completed?

22             THE DEFENDANT:  High school.

23             THE COURT:  Have you ever been treated for mental

24   illness?

25             THE DEFENDANT:  No, Your Honor.

1          THE COURT:  Have you ever been treated for addiction

2    to alcohol or drugs?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Have you consumed or are you under the

5    influence of any alcohol or drugs today?

6          THE DEFENDANT:  No, Your Honor.

7          THE COURT:  Are you taking any medications?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  Are there any medications that you're

10   supposed to be taking but you're not taking?

11         THE DEFENDANT:  No, Your Honor.

12         THE COURT:  Is there anything that I've not mentioned

13   that may be affecting your ability to think clearly or to make

14   sound decisions today?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  The Court has observed the -- the

17   demeanor and conduct of the defendant and now finds that he is

18   competent to proceed with this hearing.

19      Sir, you have previously received a copy of the indictment

20   in this case; correct?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  Have you read it, and do you understand

23   the charges against you?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Have you discussed with Mr. Hansen the

1    nature of the crimes charged against you in the indictment?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  In your Petition to Enter a Plea of

4    Guilty, you're asking to plead guilty to the charges set forth

5    in Counts 1 and 7 of the indictment.

6         Count 1 charges a violation of Title 21, United States

7    Code, Section 846.  The charge in Count 7 charges a violation

8    of Title 18, United States Code, Section 924(c)(1)(A).  You

9    further admit paragraphs 4(a) through (e) and 4(g) of the

10   forfeiture allegation, and you agree that the specific property

11   described in those paragraphs is subject to criminal

12   forfeiture.  Is that what you intend to do, sir?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  If there --

15             THE DEFENDANT:  I do have a question.

16             THE COURT:  Yes.

17             THE DEFENDANT:  Wasn't -- wasn't I signing for Counts

18   1 through 6 and 7?

19             THE COURT:  You're pleading under -- under the plea

20   agreement and the -- and the petition, you're agreeing to plead

21   guilty to the Counts 1 and 7.  Counts 2 through 6 the parties

22   have agreed will be dismissed at sentencing.

23             THE DEFENDANT:  Okay, okay.

24             THE COURT:  Does that answer your question?

25             THE DEFENDANT:  Yes, Your Honor.

1       THE COURT: If there was a trial on this matter, the

2   government would be required to prove to a jury each element of

3   each of the charges beyond a reasonable doubt. The elements

4   for Count 1 are:

5       First, that two or more persons reached an agreement or

6   came to an understanding to distribute or possess with intent

7   to distribute the controlled substance identified in the

8   indictment.

9       Second, that you voluntarily and intentionally joined in

10  the agreement or understanding either at the time it was first

11  reached or at some later time while it was still in effect.

12      And third, that at the time that you joined the agreement

13  or understanding, you knew the purpose of the agreement or

14  understanding.

15      With regard to Count 7:

16      First, that you committed the elements of a drug

17  trafficking -- of a drug trafficking crime prosecutable in

18  federal court, and it's alleged in the indictment that that

19  relates back to the conspiracy in Count 1.

20      Second, that you knowingly possessed a firearm.

21      And third, that the possession of the firearm was in

22  furtherance of a drug trafficking crime.

23      For purposes of both crimes, it's alleged by the

24  government for purposes of venue that the offenses occurred in

25  the District of Nebraska.

1        Mr. Ferretti, did I properly set forth the elements of

2   Count 1 and 7?

3              MR. FERRETTI:  Yes, Your Honor.

4              THE COURT:  Mr. Hansen, do you agree?

5              MR. HANSEN:  Yes, Your Honor.

6              THE COURT:  Sir, do you have any questions about the

7   nature of the charges filed against you or what the government

8   would have to prove in order to convict you of these two

9   charges?

10             THE DEFENDANT:  No, Your Honor.

11             THE COURT:  Have you discussed the facts of this case

12  and the evidence the government has against you with

13  Mr. Hansen?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Have you discussed any and all defenses

16  that you think you may have to this -- these charges with

17  Mr. Hansen?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  And are you fully satisfied with the

20  representation that Mr. Hansen has provided to you and the

21  advice that he's given to you in this case?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  The law under which you are charged does

24  provide certain penalties that can be imposed upon conviction.

25  These penalties are as follows:

 1          With regard to Count 1, the drug count, you can receive a

 2     maximum term of imprisonment of 20 years, a fine of -- of not

 3     more than $1 million or both such imprisonment and a fine, a

 4     supervised release term of not less than five -- a supervised

 5     release term of not less than five years and up to life in --

 6     in addition to any term of imprisonment, a special assessment

 7     of $100.

 8          With regard to Count 7 --

 9               MR. HANSEN:  Judge, may I interrupt?

10               THE COURT:  Yes.

11               MR. HANSEN:  On Count 1, since it's a zero to 20, the

12     minimum term of supervised release in 21-841 is three years, as

13     reflected in the petition and the plea agreement.

14               THE COURT:  Okay.  So do you agree with that,

15     Mr. Ferretti?

16               MR. FERRETTI:  Yes, sir.

17               THE COURT:  So the supervised release term is not

18     less than three years and up to life in addition to any term of

19     imprisonment.

20          Thank you, Mr. Hansen.

21          With regard to Count 7, there is an imprisonment of a

22     maximum of life and a mandatory minimum of five years, and that

23     five years has to run consecutive to the sentence imposed with

24     regard to Count 1, in other words, it has to be five years in

25     addition to the sentence imposed in Count 1; a fine of not more

1    than $250,000 or both such imprisonment and a fine; and a

2    supervised release term of up to five years in addition to any

3    term of imprisonment.  There's also a special assessment of

4    $100 with regard to Count 7, so when you take the two counts

5    together, it's a total of $200.

6         Conviction for both counts may render you ineligible for

7    certain federal benefits, and in cases where restitution or

8    forfeiture of property may be authorized or agreed upon, the

9    Court may issue payment of restitution or an order of

10   forfeiture.

11        Mr. Ferretti, have I properly set forth the statutory

12   penalties?

13             MR. FERRETTI:  Yes, Your Honor.

14             THE COURT:  Mr. Hansen, do you agree?

15             MR. HANSEN:  Yes, Your Honor.

16             THE COURT:  Mr. Holdman, do you have any questions

17   about the statutory penalties that you're now facing?

18             THE DEFENDANT:  No, Your Honor.

19             THE COURT:  The United States Sentencing Commission

20   has issued guidelines that determine recommended sentencing

21   ranges for convicted federal offenders.  Have you spoken to

22   your attorney about the sentencing guidelines and how they

23   might apply to your case?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  These guidelines are not mandatory, but

1    they are advisory.  In other words, they must be considered,

2    but they do not have to be followed, and you may be sentenced

3    outside of that advisory guideline range.  Do you understand?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Do you understand that the advisory

6    guideline sentencing range will not be determined until after a

7    presentence investigation report has been completed and fully

8    considered by the Court?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Some state penal systems do allow parole,

11   which means release from prison before a person has served all

12   of the sentence imposed.  However, you are in a court of the

13   United States, a federal court, and in the federal system

14   parole has been abolished.  Do you understand that concerning

15   any sentence to imprisonment under federal law, parole does not

16   exist and, therefore, if you are sentenced to imprisonment, you

17   will not be released on parole?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  In addition to any sentence of

20   imprisonment, the Court must include a term of supervised

21   release to be completed after you serve any sentence of

22   imprisonment.  During this term you will be supervised by a

23   probation officer and you must comply with certain conditions.

24   Do you understand generally what is meant by supervised

25   release?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that if you violate a

3    condition of supervised release, it may be revoked, and you may

4    be returned to prison and required to serve in prison all --

5    all or a part of that term without credit for any time that you

6    have been under supervision?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Do you have any questions about

9    supervised release?

10          THE DEFENDANT:  No, Your Honor.

11          THE COURT:  If your guilty plea is accepted, you'll

12    be found guilty of a felony.  This could later work to your

13    disadvantage.  For example, if you're later convicted of

14    another crime, your sentence for that crime could be increased

15    simply because of your conviction in this case.  Do you

16    understand?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  In addition, conviction of this offense

19    may deprive you of eligibility for certain federal benefits or

20    valuable civil rights, such as the right to vote, to hold

21    public office, to serve on a jury, and to possess any kind of

22    firearm.  Do you understand?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Sir, do you think you understand all the

25    penalties that you now face under the law?

1              THE DEFENDANT:  Yes, Your Honor.

2              THE COURT:  You have entered into a written Plea

3     Agreement with the government.  Pursuant to the terms of that

4     written Plea Agreement, you waived your right to withdraw your

5     guilty plea under Federal Rule of Criminal Procedure 11(d).

6     Under this provision normally you can withdraw your guilty plea

7     before it is accepted for any reason or no reason at all or

8     after the -- it is accepted for a just and fair reason.  Do you

9     understand that you're waiving that right?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  You also have an agreement pursuant to

12    Federal Rule of Criminal Procedure 11(c)(1)(C).  Under this

13    provision you and the government have agreed to a specific

14    sentence to be imposed in this case.  If the Court accepts that

15    Plea Agreement, you would not have a right to withdraw your

16    guilty plea.  Do you understand?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Under the limited exception of the

19    gover- -- of the Court not accepting your stipulated sentence,

20    you could either withdraw your guilty plea under that very

21    limited exception and proceed to trial as if you had not pled

22    guilty, or you could elect to proceed to sentencing

23    understanding that the Court would not be bound by that

24    agreement.  Do you understand?

25             THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  Concerning your Petition to Enter a Plea

2  of Guilty, do you read, write and understand the English

3  language?

4    THE DEFENDANT:  Yes, Your Honor.

5    THE COURT:  Did you read the petition and voluntarily

6  sign it?

7    THE DEFENDANT:  Yes, Your Honor.

8    THE COURT:  Did you do so after consulting with

9  Mr. Hansen and making sure that all your answers were properly

10  recorded to the questions in the petition?

11    THE DEFENDANT:  Yes, Your Honor.

12    THE COURT:  Are all the answers to the questions in

13  the petition voluntarily given by you?

14    THE DEFENDANT:  Yes, Your Honor.

15    THE COURT:  And are all -- are all of your answers

16  truthful?

17    THE DEFENDANT:  Yes, Your Honor.

18    THE COURT:  Do you have any questions about anything

19  in the petition?

20    THE DEFENDANT:  No, Your Honor.

21    THE COURT:  Concerning the plea agreement, did you

22  read and sign the plea agreement after fully discussing it with

23  Mr. Hansen?

24    THE DEFENDANT:  Yes, Your Honor.

25    THE COURT:  Please listen carefully.  Mr. Ferretti,

1    the government's attorney, is now going to summarize the terms

2    of the Plea Agreement.

3         Mr. Ferretti.

4         MR. FERRETTI:  Thank you, Your Honor.

5         The United States and Mr. Holdman, the defendant, agree

6    that he will plead guilty to Counts 1 and 7 of the indictment

7    and agree to the relevant conduct with respect to Counts 2

8    through 6.  Count 1 charges a violation of Title 21, United

9    States Code, Section 846.  Count 7 charges a violation of

10   Title 18, United States Code, Section 924(c)(1)(A).

11        Mr. Holdman would further admit paragraphs 4(a) through

12   (e) and 4(g) of the forfeiture allegation and agree that the

13   specific property described in those paragraphs is subject to

14   criminal forfeiture.  Mr. Holdman further agrees to

15   administratively forfeit to the Drug Enforcement Administration

16   the Ruger EC95 9-millimeter handgun seized on or about

17   June 21st, 2021, as described in paragraph 4(f) of the

18   forfeiture allegation.  Mr. Holdman agrees that he is the sole

19   and rightful owner of the specific property identified in

20   paragraph 4(f) of the forfeiture allegation and that to the

21   best of his knowledge no one else has any ownership or other

22   interest in that property.

23        Mr. Holdman agrees that the United States may institute

24   civil judicial or administrative forfeiture proceedings against

25   all forfeitable assets in which he has an interest and that he

1    will not contest any such forfeiture.

2        In exchange for his plea of -- pleas of guilty to Counts 1

3    and 7, the United States agrees that it will move to dismiss

4    Counts 2 through 6 as well as 8 and paragraph 4(h) of the

5    forfeiture allegation at the time of sentencing.  The United

6    States agrees that Mr. Holdman will not be further federally

7    prosecuted in the District of Nebraska for additional drug

8    trafficking or firearms crimes as disclosed by the discovery

9    material that's been provided to Mr. Hansen already.

10       The parties agree to the factual basis that's set forth in

11   the written Plea Agreement starting on page 3 in Section II(B)

12   and that goes on for ten paragraphs, ending on page 6.

13       Regarding sentencing, as the Court noted already, the

14   agreement in this case is made pursuant to Federal Rule of

15   Criminal Procedure 11(c)(1)(C), and the parties agree that

16   Mr. Holdman shall receive a sentence to imprisonment not to

17   exceed 24 months as to Count 1, to be followed by a consecutive

18   60-month sentence to imprisonment as to Count 7.  The parties

19   agree that this negotiated agreement resolved all issues

20   related to the case.

21       Mr. Holdman does agree to waive appeal and collateral

22   attack except in the limited circumstances set forth in

23   Section VI of the Plea Agreement.

24       And those are the -- that's all the pertinent paragraphs

25   for that purpose, Your Honor.

```
 1                    THE COURT:  Mr. Hansen, are those the terms of the

 2    Plea Agreement between your client and the government?

 3                    MR. HANSEN:  Yes, Your Honor.

 4                    THE COURT:  And does this written Plea Agreement

 5    contain all the terms of the entire plea agreement between your

 6    client and the government?

 7                    MR. HANSEN:  Yes, Your Honor.

 8                    THE COURT:  Mr. Holdman, do you agree that those are

 9    the terms of the plea agreement?

10                    THE DEFENDANT:  Yes, Your Honor.

11                    THE COURT:  And do you agree that the written Plea

12    Agreement contains all terms, conditions and promises that

13    you've reached with the government in this case?

14                    THE DEFENDANT:  Yes, Your Honor.

15                    THE COURT:  In your plea agreement you do waive or

16    give up the right to appeal your conviction and any sentence

17    imposed upon you except in certain circumstances as set forth

18    in the Plea Agreement.  You would otherwise have the right to

19    appeal.  Do you understand that you're giving up that right?

20                    THE DEFENDANT:  Yes, Your Honor.

21                    THE COURT:  You are also waiving, giving up the right

22    to file any post-conviction proceedings, again, except in

23    certain circumstances as set forth in the Plea Agreement.  Do

24    you understand that you're also giving up that right?

25                    THE DEFENDANT:  Yes, Your Honor.
```

1          THE COURT:  Mr. Hansen, did you fully and accurately

2     discuss all plea offers made by the government to your client

3     with him?

4          MR. HANSEN:  Yes, Your Honor.

5          THE COURT:  Mr. Holdman, did you have a full

6     opportunity to consider any and all plea offers made by the

7     government to you in this case?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  After doing so did you voluntarily sign

10    the written Plea Agreement with the government?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Did anyone make any other promises to you

13    or threaten to get you to sign the Plea Agreement other than

14    those pro- -- those agreements or provisions in the Plea

15    Agreement itself?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  And do you have any questions about your

18    plea agreement?

19         THE DEFENDANT:  No, Your Honor.

20         THE COURT:  You do have certain constitutional rights

21    which you give up when you plead guilty.  Please listen

22    carefully, because I will be asking you whether you understand

23    that you have each of these rights and whether you voluntarily

24    give up these rights.

25         You have the right to plead not guilty to any offense

1    charged against you and to go to trial on any charge filed

2    against you in this case.

3           You have the right to a speedy and public trial.

4           You have the right to assistance of an attorney without

5    cost to you if you cannot afford an attorney.

6           You have the right to a trial and to have a jury determine

7    whether the government has proved beyond a reasonable doubt

8    each and every element of the charged offense.

9           You have the right to see and hear all witnesses and

10   cross-examine any person who is a witness against you.

11          You have the right to decline to testify at your trial so

12   that you cannot be compelled to incriminate yourself.

13          You have the right to testify in your own defense if you

14   want to testify at your trial, and you have the right to

15   subpoena or present witnesses or other evidence to assist you

16   at your trial.  Deciding not to testify or to put on any

17   evidence cannot be used against you.

18          Do you understand that under the Constitution of the

19   United States, you have and can use all of these rights?

20               THE DEFENDANT:  Yes, Your Honor.

21               THE COURT:  Do you understand that if your guilty

22   plea is accepted, there will not be a trial on the charges

23   filed against you because when you plead guilty you give up

24   your right to a trial?

25               THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  If your guilty plea is accepted, you give

2     up the right to challenge the manner in which the government

3     obtained its evidence against you, for example, the manner in

4     which you were questioned or the manner in which you, your

5     home, or your property were searched.  Do you understand?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  To get you to waive these constitutional

8     rights, has anyone connected with law enforcement or anyone

9     else threatened you, directly or indirectly, used any force

10    against you, or promised you anything other than the terms of

11    your written Plea Agreement?

12         THE DEFENDANT:  No, Your Honor.

13         THE COURT:  Have you discussed your constitutional

14    rights with Mr. Hansen?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  Do you freely and voluntarily give up all

17    these constitutional rights with respect to the charges set

18    forth in the indictment in Counts 1 and 7?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  There is an additional allegation in the

21    indictment that relates to property or currency taking -- taken

22    from you at or about the time of your arrest on June 21st,

23    2022.  In your written Plea Agreement, you've -- you agree to

24    admit to the paragraphs 4(a) through (e) and 4(g), and you've

25    also agreed to the administrative forfeiture of the Ruger EC95

1    9-millimeter handgun as described in paragraph 4(f) of the

2    forfeiture allegation.

3        For the government to keep this property or currency, the

4    government would have to prove that this property or currency

5    either directly or indirectly had something to do with the

6    crime outlined in the indictment -- the crimes outlined in the

7    indictment or you either used the property to commit the crime

8    or property -- or that the property was purchased in whole or

9    in part from the crimes as alleged or that the currency was

10   proceeds from the crime.  Do you understand these prerequisites

11   to the government being able to obtain forfeiture of any

12   property or currency as alleged?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  And are you willing to give up any right

15   or interest in the property or currency as set forth in

16   paragraphs 4(a) through (e), 4(f), and 4(g) of the forfeiture

17   allegation?

18            THE DEFENDANT:  Yes, Your Honor.

19            THE COURT:  And do you agree that the property that's

20   alleged in that forfeiture -- those forfeiture counts was used

21   one way or another with respect to the crimes or with proceeds

22   from the crime as charged in Counts 1 and 7 of the indictment?

23            THE DEFENDANT:  Yes, Your Honor.

24            THE COURT:  After consideration of the responses of

25   the defendant in this case to all the questions that I've

1    asked, I now find he is competent to plead.  He understands the

2    nature of the charges filed against him in Counts 1 and 7 and

3    the possible penalties that may be imposed.  He understands his

4    rights.  He willingly, voluntarily and knowingly waives those

5    rights, and he fully understands the consequences of waiving

6    those rights, including the fact that there will be no trial on

7    this case because he is pleading guilty.

8         I therefore accept the defendant's waiver of his rights.

9         Jamal D. Holdman, knowing and understanding everything in

10   your Petition to Enter a Plea of Guilty, your written Plea

11   Agreement, and everything that we've discussed during this

12   hearing, how do you now plead to the charges set forth in

13   Counts 1 and 7 of the indictment?

14             THE DEFENDANT:  I plead guilty.

15             THE COURT:  To get you to plead guilty to those

16   charges, has anyone connected with law enforcement or anyone

17   else threatened you, directly or indirectly, used any force

18   against you, or promised you any -- promised you anything other

19   than what's contained in your written Plea Agreement?

20             THE DEFENDANT:  No, Your Honor.

21             THE COURT:  Are you freely and voluntarily pleading

22   guilty to the crimes charged in Counts 1 and 7 of the

23   indictment?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And are you, in fact, guilty of those

1    offenses as charged?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  In your written Plea Agreement with the

4    government, you did stipulate to a factual basis.  That factual

5    basis is set forth on pages 3 through 6 of the Plea Agreement

6    and paragraphs section -- and paragraphs II(B) and paragraphs

7    then 1 through 10.  Sir, did you go over all of those facts in

8    the Plea Agreement and agree to them?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  And have you stipulated in your written

11   Plea Agreement that all of those facts are true?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Do you agree that all the facts as set

14   forth in the plea agreement as I've just identified are true

15   and accurate?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  And do you agree that the government

18   would be able to prove all those facts at -- at trial?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  And is that what happened in this case?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  And the stipulation to these facts is

23   both knowingly and voluntarily made by you?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Mr. Ferretti, is that satisfactory to the

```
 1    government with regard to a factual basis?
 2                MR. FERRETTI:  It is by -- it is by me, Your Honor.
 3    I'm fine with that.
 4                THE COURT:  And do you certify that the defendant's
 5    guilty plea is freely, voluntarily, knowingly, and
 6    intelligently made and that there is a factual basis for his
 7    guilty plea?
 8                MR. FERRETTI:  Yes, Your Honor.
 9                THE COURT:  Do you believe there's any questions that
10    should be posed to Mr. Holdman?
11                THE DEFENDANT:  No.
12                THE COURT:  Mr. Hansen, does that satisfy you with
13    regard to a factual basis concerning Counts 1 and 7?
14                MR. HANSEN:  Yes, Your Honor.
15                THE COURT:  And do you certify that your client's
16    guilty plea is freely, voluntarily, knowingly, and
17    intelligently made and that there is a factual basis for his
18    guilty plea to Counts 1 and 7?
19                MR. HANSEN:  Yes, Your Honor.
20                THE COURT:  Any questions that you believe should be
21    posed to him?
22                MR. HANSEN:  No, Your Honor.
23                THE COURT:  The Court now finds that the defendant's
24    competent and capable of entering an informed plea to the
25    charge against him.  The defendant's aware of the nature of the
```

1   charges set forth in Counts 1 and 7 of the indictment and the

2   consequences of his guilty plea.  His guilty plea is knowing

3   and voluntary and supported by a factual basis concerning each

4   essential element of the offenses charged.

5          For the record, I went through the parties' stipulated

6   factual basis as set forth in the Plea Agreement and identified

7   by me, and the stipulated facts in this case do support a

8   factual basis concerning the defendant's guilty plea for each

9   of the counts.

10         Finally, the defendant is aware that his answers during

11  these proceedings may be used against him if there's later a

12  charge of perjury or false statement.

13         Mr. Holdman, I will recommend that your guilty plea be

14  accepted, and I will order that a presentence investigation

15  report be prepared.  The presentence process may include an

16  interview so that you can provide all information useful in

17  determining your sentence.  It's also helpful with regard to

18  classification, programming and supervision matters.  Your

19  level of cooperation and participation is important and should

20  be discussed with Mr. Hansen.

21         Any determination concerning the plea agreement, that is,

22  whether to accept or reject the plea agreement, will be

23  deferred until after the Court has examined the presentence

24  investigation report and the case proceeds to sentencing.

25         With regard to detention or release pending sentencing in

1      this matter, I note that the defendant was released on an order

2      setting conditions of release in this case, and in addition

3      there has been a -- a release status report to the Court which

4      indicates that the defendant was released on bond initially in

5      the district -- Central District of California on or about

6      June 22nd, 2021.  He also appeared here in person in this

7      district on July 16th, 2021.

8          At the conclusion of both appearances, he was allowed to

9      continue on release.  He has been supervised by courtesy

10     supervision of the Central District of California since that

11     time, and it is reported that the defendant's been in

12     compliance with his -- of -- with his conditions of police --

13     excuse me, has been compliant with his conditions of release

14     and reports as directed.  He's also maintained employment.

15         Is the government seeking detention pending sentencing in

16     this matter?

17             MR. FERRETTI:  No.

18             THE COURT:  Mr. Holdman, because you have been

19     compliant with the conditions of pretrial release and the

20     government does not seek detention in this case, I will

21     continue to allow you to be on release, but you will have to

22     continue to abide by the same conditions of release that were

23     previously imposed.  Do you understand that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Do you agree to do that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And do you understand that if you violate

3     any conditions of release, your release status will change,

4     you'll be revoked, and you'd be placed in custody pending

5     sentencing in this matter?  Do you understand?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Any questions at all about your release

8     conditions?

9          THE DEFENDANT:  No, Your Honor.

10         THE COURT:  I will enter an order on sentencing --

11    sentencing schedule at the conclusion of today's hearing.  The

12    sentencing hearing will be scheduled before District Judge

13    Buescher to take place on March 1st, 2023, at ten o'clock here

14    in Omaha.  You will have to personally appear for that hearing

15    unless otherwise ordered.

16       Do you understand, Mr. Holdman?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Defendant will remain on release as

19    previously ordered by this case.

20       Is there anything else from the government?

21         MR. FERRETTI:  No.  Thank you, Your Honor.

22         THE COURT:  Anything else for the defendant?

23         MR. HANSEN:  No, Your Honor.

24         THE COURT:  Mr. Holdman, good luck.

25       We're in recess.

1          THE DEFENDANT:  Thank you.

2          THE COURT:  We're in recess.  Parties are excused.

3      (Adjourned at 11:24 a.m.)

4

5

6                          * * * * * * * *

7

8

9      I, Lisa G. Grimminger, certify that the foregoing is a

10    correct transcription to the best of my ability from the

11    digital recording of the proceedings held in the above-entitled

12    matter.

13

14         /s/Lisa G. Grimminger              December 19, 2022
          Lisa G. Grimminger, RDR, CRR, CRC   Date
15

16

17

18

19

20

21

22

23

24

25