IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JAMAL D. HOLDMAN,<br><br>　　　　　Defendant. | 8:21CR193<br><br>MOTION FOR PRELIMINARY<br>ORDER OF FORFEITURE |

The United States of America respectfully requests this Court issue a Preliminary Order of Forfeiture, forfeiting defendants' Jamal D. Holdman interest in certain property to the United States. In support of this Motion, the United States states as follows:

1. On July 21, 2021, a federal grand jury in this District returned an Eight-count Indictment against defendant.

2. Pursuant to 21 U.S.C. § 853(a), the Forfeiture Allegation of the Indictment sought forfeiture of the following Property used or were intended to be used to facilitate the offense and/or was derived from proceeds obtained directly or indirectly as a result of the commission of the offense:

　　a.　A white Apple iPhone;
　　b.　A blue HP laptop computer;
　　c.　A green HP laptop computer;
　　d.　A white HP Chrome laptop computer;
　　e.　5 San Disk flash drives;
　　f.　A Ruger EC95 9mm firearm, magazine(s), and ammunition;
　　g.　A Beretta 92X 9mm firearm, magazine(s), and ammunition.

3.  On November 29, 2022, defendant, Holdman, entered into a plea agreement (Filing No. 76), pleading guilty to Counts I and VII of the Indictment and agreeing the to the forfeiture of items in paragraphs 4(a)-(e) and 4(g) of the Forfeiture Allegation in the Indictment. Count I charged defendant with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1). Count VII charged defendant with possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

4.  Defendant further agreed to administratively forfeit to the Drug Enforcement Administration the Ruger EC95 9mm handgun, seized on or about June 21, 2021, as described in paragraph 4(f) of the Forfeiture Allegation. As a result, no judicial forfeiture is necessary for the Ruger EC95 9mm handgun.

5.  The Court has jurisdiction pursuant to 21 U.S.C. § 853(a), which provides with respect to any person convicted of a drug violation punishable by imprisonment for more than one year, the Court, in imposing sentence, shall order that the person forfeit to the United States all property described in § 853(a). Accordingly, the Court must enter an order of forfeiture against all "property used, or intended to be used, in any manner or part, to commit, or to facilitate," the offense of possession of a controlled substance, with intent to distribute the same.

6.  Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure provides that if the government seeks forfeiture of specific property, the court shall determine whether the government has established the requisite nexus between the property and the offense. Rule 32.2(b)(1)(B) further provides that the court may make such a determination based on evidence already in the

record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.

7. Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes "the Attorney General (or a designee) to seize the specific property subject to forfeiture."

8. Pursuant to 21 U.S.C. § 853(n), upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to "any person known to have alleged an interest" in the currency and will publish notice of the issuance of the Preliminary Order of Forfeiture regarding forfeiture of the currency on an official internet government forfeiture site (www.forfeiture.gov) for at least thirty consecutive days.

WHEREFORE the United States of America respectfully requests this Court enter judgment of criminal forfeiture by issuing a Preliminary Order of Forfeiture, forfeiting to the United States of America the defendant's interest in the property described above, directing publication be made of the United States's intent to forfeit the property, directing written notice be given to all third parties whom the United States knows is asserting a legal interest in the property and ordering the United States of America to seize forthwith the property and dispose of it in accordance with the law.

        UNITED STATES OF AMERICA,
        Plaintiff

        STEVEN A. RUSSELL
        United States Attorney

By:   s/ Kimberly C. Bunjer
      KIMBERLY C. BUNJER, #20962
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE   68102-1506
      Tel:   (402) 661-3700

Fax:   (402) 345-5724  
E-mail:   kim.bunjer@usdoj.gov